**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

|  |  |
|---|---|
| **GeoSymm Ventures LLC,** | Case No. 6:23-cv-00493-ADA |
| Plaintiff, | Patent Case |
| v. | Jury Trial Demanded |
| **PTC, Inc.,** |  |
| Defendant. |  |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

1.     Plaintiff GeoSymm Ventures LLC ("Plaintiff"), through its attorneys, complains of PTC, Inc. ("Defendant"), and alleges the following:

**PARTIES**

2.     Plaintiff GeoSymm Ventures LLC is a corporation organized and existing under the laws of Texas that maintains its principal place of business at 5900 Balcones Dr, Suite 100, Austin, TX 78731.

3.     Defendant PTC, Inc. is a corporation organized and existing under the laws of Massachusetts that maintains an established place of business at 11801 Domain Blvd, 3rd Fl Austin, TX 78758.

**JURISDICTION**

4.     This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

1

5.      This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

7.      Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has an established place of business in this District. In addition, Defendant has committed acts of patent infringement in this District, and Plaintiff has suffered harm in this district.

## PATENTS-IN-SUIT

8.      Plaintiff is the assignee of all right, title and interest in United States Patent Nos. 10,242,456; 10,489,930; and 11,080,885 (the "Patents-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patents-in-Suit by Defendant.

## THE '456 PATENT

9.      The '456 Patent is entitled "Digitally encoded marker-based augmented reality (AR)," and issued 2019-03-26. The application leading to the '456 Patent was filed on 2012-06-04. A true and correct copy of the '456 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

## THE '930 PATENT

10.      The '930 Patent is entitled "Digitally encoded marker-based augmented reality (AR)," and issued 2019-11-26. The application leading to the '930 Patent was filed on 2019-01-

30. A true and correct copy of the '930 Patent is attached hereto as Exhibit 2 and incorporated herein by reference.

### THE '885 PATENT

11.     The '885 Patent is entitled "Digitally encoded marker-based augmented reality (AR)," and issued 2021-08-03. The application leading to the '885 Patent was filed on 2019-11-18. A true and correct copy of the '885 Patent is attached hereto as Exhibit 3 and incorporated herein by reference.

### COUNT 1: INFRINGEMENT OF THE '456 PATENT

12.     Plaintiff incorporates the above paragraphs herein by reference.

13.     **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '456 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '456 Patent also identified in the charts incorporated into this Count below (the "Exemplary '456 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '456 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

14.     Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '456 Patent Claims, by having its employees internally test and use these Exemplary Products.

15.    **Actual Knowledge of Infringement**. The service of this Complaint, in conjunction with the attached claim charts and references cited, constitutes actual knowledge of infringement as alleged here.

16.    Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '456 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '456 Patent. See Exhibit 4 (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

17.    **Induced Infringement**. Defendant promotes its Exemplary Defendant Products, for example its Vuforia Studio application and Vuforia View application, in a manner that induces its customers to infringe the '456 Patent Claims. For example, Defendant instructs and actively induces customers of its Vuforia Studio application to "[u]se a ThingMark" widget within the Vuforia Studio application "when: [y]ou want to align your physical object and digital model as closely as possible."[1]

18.    At least since being served by this Complaint and corresponding claim charts, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '456 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '456 Patent.

---

[1] http://support.ptc.com/help/vuforia/studio/en/index.html#page/Studio_Help_Center/Widget3DMarker.html

19.    Exhibit 4 includes charts comparing the Exemplary '456 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '456 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '456 Patent Claims.

20.    Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 4.

21.    Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

### COUNT 2: INFRINGEMENT OF THE '930 PATENT

22.    Plaintiff incorporates the above paragraphs herein by reference.

23.    **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '930 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '930 Patent also identified in the charts incorporated into this Count below (the "Exemplary '930 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '930 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

24.    Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '930 Patent Claims, by having its employees internally test and use these Exemplary Products.

25.    **Actual Knowledge of Infringement**. The service of this Complaint, in conjunction with the attached claim charts and references cited, constitutes actual knowledge of infringement as alleged here.

26.    Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '930 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '930 Patent. See Exhibit 5 (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

27.    **Induced Infringement**. Defendant promotes its Exemplary Defendant Products, for example its Vuforia Studio application and Vuforia View application, in a manner that induces its customers to infringe the '930 Patent Claims. For example, Defendant instructs and actively induces customers of its Vuforia Studio application to "[u]se a ThingMark" widget within the Vuforia Studio application "when: [y]ou want to align your physical object and digital model as closely as possible."[2]

28.    At least since being served by this Complaint and corresponding claim charts, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '930 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '930 Patent.

---

[2] http://support.ptc.com/help/vuforia/studio/en/index.html#page/Studio_Help_Center/Widget3DMarker.html

29.     Exhibit 5 includes charts comparing the Exemplary '930 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '930 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '930 Patent Claims.

30.     Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 5.

31.     Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

### COUNT 3: INFRINGEMENT OF THE '885 PATENT

32.     Plaintiff incorporates the above paragraphs herein by reference.

33.     **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '885 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '885 Patent also identified in the charts incorporated into this Count below (the "Exemplary '885 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '885 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

34.     Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '885 Patent Claims, by having its employees internally test and use these Exemplary Products.

35.    **Actual Knowledge of Infringement**. The service of this Complaint, in conjunction with the attached claim charts and references cited, constitutes actual knowledge of infringement as alleged here.

36.    Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '885 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '885 Patent. See Exhibit 6 (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

37.    **Induced Infringement**. Defendant promotes its Exemplary Defendant Products, for example its Vuforia Studio application and Vuforia View application, in a manner that induces its customers to infringe the '885 Patent Claims. For example, Defendant instructs and actively induces customers of its Vuforia Studio application to "[u]se a ThingMark" widget within the Vuforia Studio application "when: [y]ou want to align your physical object and digital model as closely as possible."[3]

38.    At least since being served by this Complaint and corresponding claim charts, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '885 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '885 Patent.

---

[3] http://support.ptc.com/help/vuforia/studio/en/index.html#page/Studio_Help_Center/Widget3DMarker.html

39.    Exhibit 6 includes charts comparing the Exemplary '885 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '885 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '885 Patent Claims.

40.    Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 6.

41.    Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

## JURY DEMAND

42.    Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A.    A judgment that the '456 Patent is valid and enforceable

B.    A judgment that Defendant has infringed directly and indirectly one or more claims of the '456 Patent;

C.    A judgment that the '930 Patent is valid and enforceable

D.    A judgment that Defendant has infringed directly and indirectly one or more claims of the '930 Patent;

E.    A judgment that the '885 Patent is valid and enforceable

F.    A judgment that Defendant has infringed directly and indirectly one or more claims of the '885 Patent;

G.    An accounting of all damages not presented at trial;

H.  A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendant's continuing or future infringement, up until the date such judgment is entered with respect to the '456; '930; and '885 Patents, including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284;

I.  And, if necessary, to adequately compensate Plaintiff for Defendant's infringement, an accounting:

  i.  that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys fees against Defendant that it incurs in prosecuting this action;

  ii.  that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

  iii.  that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: November 27, 2023                Respectfully submitted,

                                        /s/ Isaac Rabicoff
                                        Isaac Rabicoff
                                        Rabicoff Law LLC
                                        600 Mamaroneck Ave STE 400
                                        Harrison, NY 10528
                                        7736694590
                                        isaac@rabilaw.com

                                        **Counsel for Plaintiff**
                                        **GeoSymm Ventures LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on November 27, 2023, I electronically filed the above documents with the Clerk of Court using CM/ECF which will send electronic notification of such filings to all registered counsel.


/s/ *Isaac Rabicoff*
Isaac Rabicoff